# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA LAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1350 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this _15th_ day of March, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on January 24, 2011, alleging a disability onset date of March 11, 2010, due to depression, anxiety, chronic lower back pain, a foot deformity and a tibia fracture. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on September 18, 2012, at which plaintiff, with a non-attorney representative, appeared and testified. On January 17, 2013, the ALJ issued a decision finding that plaintiff is not disabled. On August 13, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 33 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). She has at least a high school education and has past relevant work experience as a receptionist, but she has not engaged in any substantial gainful activity since her alleged onset date.[1]

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has the severe impairments of chronic low back pain, deformity of the right lower extremity, history of tibia fracture, depression and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level, but with the following limitations: she is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently; she is limited to understanding and

---

[1]  For purposes of plaintiff's application for DIB under Title II of the Act, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2013. (R. 254).

AO 72
(Rev. 8/82)

remembering short, simple instructions; and, her ability to act appropriately with co-workers and supervisors in a work setting is limited. (R. 256).

Identifying plaintiff's past relevant work as "secretary," the ALJ compared plaintiff's residual functional capacity with the physical and mental demands of that work and found at step 4 that plaintiff is capable of performing her past relevant work because it does not require the performance of work-related activities precluded by her residual functional capacity. (R. 259). Importantly, the ALJ nevertheless proceeded to step 5 and, relying on the testimony of a vocational expert, alternatively found that plaintiff is capable of making an adjustment to numerous other jobs existing in significant numbers in the national economy in light of her age, education, work experience and residual functional capacity, including document preparer, addresser and order clerk. (R. 259-260). Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R.

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can

✎AO 72
(Rev. 8/82)

§§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; *see* Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ erred at step 4 by finding that plaintiff is capable of performing her past relevant work; (2); the ALJ inadequately discussed the mental health evidence; and, (3) the ALJ improperly analyzed and weighed all of the medical evidence, relating to both her mental and physical impairments. While the court agrees with plaintiff that the ALJ's step 4 finding is erroneous, the error is harmless because the ALJ's alternative finding that plaintiff is not disabled at step 5 of the sequential evaluation process is supported by substantial evidence. Moreover, the court is satisfied that the ALJ adequately considered and analyzed all of the relevant medical evidence, both mental and physical, and that her evaluation of that evidence likewise is supported by substantial evidence.

As an initial matter, it is clear that the ALJ's step 4 finding is not supportable. The ALJ found at that step that plaintiff is capable of performing her "past relevant work as a *secretary*" because that job does not "require the performance of work-related activities precluded by [her] residual functional capacity" for light, unskilled work. (R. 259) (emphasis added). But not only did the ALJ misidentify plaintiff's past relevant work as secretary rather than receptionist, she also wrongfully concluded that plaintiff's residual functional capacity for unskilled work was consistent with her past relevant work, despite the vocational expert having testified that plaintiff's position as a receptionist was a *semi-skilled* position. (R. 282).

_____

perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §§404.1520a and 416.920a.

✎AO 72
(Rev. 8/82)

Despite this error, no remand is necessary here because the ALJ did not end her analysis at step 4, but instead proceeded to step 5 and, in the alternative, found that there are other jobs existing in significant numbers in the national economy that plaintiff can perform in light of her age, education, work experience and residual functional capacity for light unskilled work, including document preparer, addresser and order clerk. (R. 259-60). Plaintiff does not argue that any of these alternative positions are inconsistent with her residual functional capacity, and the vocational expert's testimony that plaintiff can perform these jobs is substantial evidence supporting the ALJ's alternative step 5 finding. Accordingly, the ALJ's flawed step 4 finding constitutes nothing more than harmless error. <u>McGonigal v. Barnhart</u>, 153 Fed. Appx. 60, 62 (3d Cir. 2005)(step 4 error harmless where vocational expert identified other work consistent with claimant's residual functional capacity); *see also* <u>Fraser v. Astrue</u>, 373 Fed.Appx. 222, 225 (3d Cir. 2010)(erroneous reference in decision harmless where it did not undermine substantial evidence upon which ALJ's opinion rested).

Plaintiff's second argument is that the ALJ inadequately discussed the mental health evidence. In particular, plaintiff takes issue with the ALJ's "brief" summation of the mental health evidence, as well as her failure even to mention assessed GAF scores[3] of 40 in August of 2008, and 50 in both September of 2008 and August of 2012.[4] The court sees no error in the ALJ's treatment of the mental health evidence in this case.

---

[3] The Global Assessment of Functioning ("GAF") score considered psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994). The latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale. *See* <u>Hughes v. Colvin</u>, 2016 WL 231676 at *2 n.2 (3d Cir., Jan. 20, 2016) (noting that the DSM–5 has abandoned the GAF scale as a measurement tool).

[4] Under the DSM-IV, a GAF rating of 41-50 indicated "serious" symptoms or "serious" difficulty in social or occupational functioning, while a GAF rating of 31-40 indicated "major" impairment in social and occupational functioning.

First, as the government aptly notes, two of the assigned GAF scores that were not

mentioned were assessed in 2008, over a year and a half prior to plaintiff's alleged onset date.

Moreover, the use of the GAF scale is not endorsed by the Social Security Administration

because its scores do not have any direct correlation to the disability requirements and

standards of the Act, *see* 65 Fed.Reg. 50746, 50764-65 (2000), and courts have emphasized

that a claimant's GAF score is not determinative of disability. *See* Gilroy v. Astrue, 351 Fed.

Appx. 714, 715 (3d Cir. 2009)(recognizing that GAF scores do not have a direct correlation to

the severity requirements of the Social Security mental disorder listings, and determining that a

low GAF score is not conclusive evidence of a mental disability); Wind v. Barnhart, 2005 WL

1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the

GAF scale for use in the Social Security and SSI disability programs).

Accordingly, absent evidence that a GAF score was meant to indicate a limitation in the

ability to do work, the score alone is insufficient to establish disability. *See* Clayton v. Colvin,

2014 WL 5439796 (W.D.Pa., Oct. 24, 2014)(J. Fischer). Moreover, a failure to discuss every,

or even any, GAF score does not constitute error when the ALJ otherwise conducts a thorough

analysis of the medical evidence related to the claimant's mental impairments. *See* Ross v.

Colvin, 2015 WL 4563258 (W.D.Pa., July 29, 2015)(J. McVerry). The court is satisfied that

the ALJ in this case conducted a sufficient analysis of all of the evidence related to plaintiff's

mental health impairments, (R. 255-58), and that the ALJ did not err in failing to mention a

single GAF score of 50 that was assessed during the relevant time period.

Plaintiff's final argument is that the ALJ improperly analyzed and weighed all of the

medical evidence relating to both her mental and physical impairments. Specifically, she

argues that the ALJ improperly gave greater weight to the opinions of the non-examining state

✎AO 72
(Rev. 8/82)

agency medical sources over the opinions of her treating sources, Dr. Richetti and Dr. Kline, and the consultative psychologist, Dr. Detore.[5] Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(c)(2) and 416.927(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(c) and 416.927(c).

Importantly, the opinion of any physician, including a treating physician, as to the claimant's residual functional capacity, or on the ultimate determination of disability, never is entitled to special significance. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-5p. "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Rather, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Commissioner of Soc. Sec., 667

---

[5] Dr. Richetti opined that plaintiff is "totally disabled" and incapable of performing even low-stress jobs, (R. 681-84; 713), while Dr. Kline opined that "work may be difficult" for plaintiff due to chronic pain in her foot (R. 484). The consultative examiner, Dr. Detore, found that plaintiff has "marked" to "moderate" limitations in a number of areas of work-related functioning. (R. 485-491).

AO 72
(Rev. 8/82)

F.3d 356, 361 (3d Cir. 2011); *see* 20 C.F.R. §§ 404.1527(d)(2) and (3) & 416.927(d)(2) and (3); 404.1546(c) and 416.946(c).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ specifically addressed all of the opinions from all of the relevant medical sources and discussed the weight she was giving to each of those opinions. In particular, she explained why she was assigning "little weight" to the opinion of Dr. Detore, which the ALJ found to be inconsistent with the "medical record as well as his own mental status examination," (R. 257-8), and "little weight" to the opinions of Dr. Richetti and Dr. Kline, whose assessments of debilitating limitations are inconsistent with plaintiff's daily activities. (R. 258). Rejecting these more debilitating limitations, the ALJ instead chose to give great weight to the opinion of the state agency psychologist, and some weight to the state agency physician, which she found to be more consistent with the record as a whole. (R. 257-58).

Upon review, the court finds no error in the ALJ's decision to give more credence to the assessment of the state agency physician and psychologist than plaintiff's treating physicians and the consultative psychologist. It is well-settled that "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records ... [s]tate agent opinions merit significant consideration as well." Chandler, 667 F.3d at 361.

Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(e)(2)(i) and 416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(e)(2)(ii) and 416.927(e)(2)(ii); SSR 96-6p.

The ALJ did so here and, having concluded that the opinions of the state agency reviewing sources are more consistent with the totality of the evidence than those of the treating physicians and the consultative examiner, she properly gave the reviewing opinions greater weight.

It is axiomatic in social security cases that the ALJ must give some indication of the evidence that she rejects and the reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Here, the ALJ reviewed and discussed all of the pertinent medical evidence and thoroughly explained her reasons for giving the weight that she gave to all of the medical source opinions. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:     Robert W. Gillikin II, Esq.
        Rutter Mills, LLP
        160 W. Brambleton Ave.
        Norfolk, VA 23510

        Colin Callahan
        Assistant U.S. Attorney
        700 Grant Street
        Suite 4000
        Pittsburgh, PA 15219